NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RUDY SAMUEL MELSON,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2018-1386

---

Appeal from the United States Court of Federal Claims in No. 1:17-cv-00540-TCW, Judge Thomas C. Wheeler.

---

Decided: July 17, 2019

---

MARK ANTHONY CRAWFORD, The Crawford Law Firm, PC, Floral Park, NY, argued for plaintiff-appellant.

IGOR HELMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for defendant-appellee. Also represented by ROBERT EDWARD KIRSCHMAN, JR., LOREN MISHA PREHEIM, JOSEPH H. HUNT.

---

Before DYK, REYNA, and TARANTO, *Circuit Judges.*

PER CURIAM.

Rudy Melson brought suit in the Court of Federal Claims ("Claims Court") seeking damages related to his 2005 discharge from the United States Army Reserve and his 2008 separation from the United States Public Health Service ("USPHS") Commissioned Corps. The Claims Court dismissed his suit. We *affirm* in part, *vacate* in part, and *remand*.

## BACKGROUND

According to his complaint, Melson served in the United States Army Reserve from 2002 to 2005. He was discharged in 2005. He thereafter served in the USPHS Commissioned Corps in various capacities from 2006 to 2008. For part of Melson's time in the USPHS, he was assigned to the Bureau of Prisons to fulfill his active duty service obligation. Melson alleges that he was informed that would be involuntarily separated for cause, but that he was then forced to resign in lieu of involuntary termination in 2008.

On April 17, 2017, Melson filed suit in the Claims Court, seeking compensation related to his discharge from the Army Reserve and his separation from the USPHS Commissioned Corps. The Claims Court interpreted Melson's complaint as requesting back pay based on his wrongful discharge from the Army Reserve and USPHS Commissioned Corps, and as seeking damages for illegal discrimination and a hostile work environment at the USPHS. The court held that the back pay claims were barred by the six-year statute of limitations applicable to all claims over which the Claims Court has jurisdiction, 28 U.S.C. § 2501. The court noted that back pay claims accrue upon discharge under our decision in *Martinez v. United States*, 333 F.3d 1295, 1303–04 (Fed. Cir. 2003) (en banc). It held that Melson was discharged from the Army Reserve in 2005 and separated from the USPHS in 2008, more than six years before he brought suit in 2017. As to the

discrimination and hostile work environment claims, the court held that these claims—like other tort or discrimination claims—fall outside the Claims Court's limited jurisdiction.

Melson appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3). We review dismissal of a complaint for lack of jurisdiction and failure to state a claim de novo. *See Turping v. United States*, 913 F.3d 1060, 1064 (Fed. Cir. 2019).

DISCUSSION

There are three types of claims at issue in this case: back pay claims, discrimination and hostile work environment claims, and disability retirement claims. On appeal, Melson "concedes that his back pay claims may be untimely," as the Claims Court held. Appellant's Br. at 13. Such a concession is appropriate because under *Martinez*, 333 F.3d at 1303–04, a "claim for back pay accrues all at once at the time of discharge" and a plaintiff must "file suit within the six-year limitation period prescribed in 28 U.S.C. § 2501." Here both the discharge and separation dates were more than six years before Melson brought suit in the Claims Court. The Claims Court thus properly dismissed the back pay claims as untimely.

Melson also does not allege any error in the court's dismissal of his discrimination and hostile work environment claims, which the Claims Court held were not within its limited jurisdiction. We therefore affirm the Claims Court's dismissal of the discrimination and hostile work environment claims.

On appeal, Melson contends only that the Claims Court improperly dismissed his claims for disability retirement benefits. Disability retirement is governed by 10 U.S.C. § 1201, which provides that a service member may retire and receive "retired pay" if the member is "unfit to perform the duties of the member's office, grade, rank, or rating

because of physical disability" that is "of a permanent nature and stable."

The government contends that Melson did not plead a disability retirement claim in his complaint. With respect to Melson's service in the USPHS Commissioned Corps, his complaint alleged that he was "placed in a hostile work environment" and that his supervisors had "a propensity to discriminate," J.A. 23, but he did not claim that he should receive disability retirement based on that service. We conclude that Melson failed to state a disability retirement claim based on Melson's separation from the USPHS Commissioned Corps.

However, Melson's complaint alleged that he had a "medical condition that caused his" discharge from the Army Reserve, and that the medical condition was "due to aggravation proximately caused by Basic Combat Training and additional ROTC training thereafter, which qualified him for medical separation with severance pay." J.A. 19 (emphasis omitted). The complaint also requested the Claims Court to "[a]mend the existing 'AUTHORITY AND REASON' of Mr. Melson's NGB FORM 22E [his Army Reserve discharge form] to reflect: 'Separation for Physical Disability Discharge with Severance Pay.'" J.A. 24. Though not a model of clarity, we conclude that the complaint alleged a disability retirement claim with respect to Melson's discharge from the Army Reserve.

The government contends that Melson's disability retirement claim, based on his discharge from the Army Reserve, is barred by the six-year statute of limitations. On May 13, 2019, we asked the parties to "file simultaneous supplemental briefs addressing whether the Army Board for the Correction of Military Records [ABCMR] denied a claim by Melson for disability retirement benefits, and, if it did, when it first denied such a claim." *Melson v. United States*, No. 18-1386 (Fed. Cir. May 13, 2019), ECF No. 39. The parties agree that "claims of entitlement to disability

retirement pay generally do not accrue until the appropriate military board either finally denies such a claim or refuses to hear it." *Chambers v. United States*, 417 F.3d 1218, 1224 (Fed. Cir. 2005); *Real v. United States*, 906 F.2d 1557, 1560 (Fed. Cir. 1990); *Friedman v. United States*, 310 F.2d 381, 395–96 (Ct. Cl. 1962). There is an exception: if a service member has "sufficient actual or constructive notice of his disability . . . at the time of discharge," then the statute of limitations begins to run on the date of discharge. *Chambers*, 417 F.3d at 1226 (citing *Real*, 906 F.2d at 1562). Once the disability retirement claim accrues, the claimant has six years to file that claim in the Claims Court. *See Chambers*, 417 F.3d at 1223 (citing 28 U.S.C. § 2501). This six-year limitations period is jurisdictional in nature. *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 134 (2008).

The government argues that Melson's disability retirement claim based on his discharge from the Army Reserve is time-barred. The government urges that Melson first asked an appropriate military board, the Army Discharge Review Board (ADRB), to re-characterize his discharge from the Army Reserve to reflect that "he was discharged due to a service connected disability." S.A. 39. The ADRB denied Melson's claim on April 1, 2011. The government contends that this occurred more than six years before Melson filed his complaint in the Court of Federal Claims on April 17, 2017, and that his disability retirement claim is therefore time-barred. The government alternatively contends that Melson's claim is time-barred because it accrued upon Melson's discharge, even before the ADRB denied his claim, because Melson "knew of his disability and knew that it was permanent and service-connected at the time of his discharge" in 2005. Appellee's Supp. Br. at 3; *see Chambers*, 417 F.3d at 1226.

Melson's supplemental brief argues that Melson's disability claim accrued when the ABCMR denied his claim on November 25, 2014, or when it denied his request for

reconsideration on January 19, 2016. Melson's theory is that he filed in the Claims Court within six years of these dates, and thus the Claims Court had jurisdiction over this claim. Melson does not address the government's alternative argument that his disability claim accrued upon his discharge because he had sufficient knowledge of his disability at that time.

We think these issues are best addressed by the Claims Court in the first instance and therefore *vacate* and *remand*. On remand, the court should determine when the limitations period began to run for any disability claim based on Melson's discharge from the Army Reserve and whether such a claim is time-barred. If the court concludes that the claim is not time-barred, the court should proceed to the merits of the claim. In all other respects, we *affirm* the Claims Court's dismissal of the claims.

## AFFIRMED-IN-PART, VACATED-IN-PART, AND REMANDED

### COSTS

No costs.